UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MAIYER XIONG,

             Plaintiff,

                                         Case No. 20-cv-1166-pp

   v.

ANDREW M. SAUL,

             Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED
WITHOUT PREPAYING THE FILING FEE (DKT. NO. 3)**

---

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. The plaintiff indicates that she is not employed, she is married, and she lists three children under the age of eight. Dkt. No. 3 at 1. The plaintiff's spouse earns income of $2,000 per month, and the plaintiff receives food share of $600 per month. Id. at 2. Against this income, the plaintiff lists monthly expenses of $1,722 ($248 mortgage, $317

1

car payment, $57 credit card payments, $1,100 other household expenses). Id. at 2-3. The plaintiff states that she does not own a car (although she listed a car payment in her monthly expenses), she indicates that she does not own her home (likewise, she lists a mortgage payment as a monthly expense), she has no cash on hand or in a checking or savings account, and she owns no other property of value. Id. at 3-4. The plaintiff states, "[f]ood is paid for by food stamps. Separated from spouse. Spouse will only help pay for necessities. Living with older daughter wo supports by helping pay expenses." Id. at 4. The plaintiff has demonstrated that she cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

According to the plaintiff's complaint, she was denied benefits by the Commissioner of Social Security for lack of disability, she is disabled, and the conclusions and findings of fact by the Commissioner when denying benefits are not supported by substantial evidence and are contrary to law and

2

regulation. Dkt. No. 1 at 1. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

Dated in Milwaukee, Wisconsin this 30th day of July, 2020.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

3